# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD PAUL BRYANT, | CASE NO. 1:10-cv-00888-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |
| v. | (Doc. 7) |
| MATTHEW CATE, et al., | |
| Defendants. | |

Plaintiff Stanford Paul Bryant ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 1, 2010, Plaintiff filed a motion requesting a temporary restraining order. (Doc. #7.) Plaintiff requests a court order requiring prison officials to provide Plaintiff with six hours of law library access per week, permit Plaintiff to choose when he has access to the law library, and provide Plaintiff with ink pens.

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

///

1    "[A] preliminary injunction [or temporary restraining order] is an extraordinary and drastic remedy, one that should not be granted unless the movant, <u>by a clear showing</u>, carries the burden of persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).  A party seeking a preliminary injunction or temporary restraining order simply cannot prevail when that motion is unsupported by evidence.  With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

The Court will deny Plaintiff's request for a temporary restraining order.  Plaintiff has failed to persuasively demonstrate that he is likely to suffer irreparable harm in the absence of preliminary injunctive relief.  Plaintiff has only identified harm that he allegedly suffered in the past.

The Court notes that Plaintiff is not facing any impending deadlines; thus, there is no indication that Plaintiff will suffer irreparable harm in this case.  To the extent Plaintiff will suffer irreparable harm in any other case he is litigating, Plaintiff should seek a temporary restraining order in that case.  Further, even if Plaintiff is facing impending deadlines, Plaintiff has failed to persuasively demonstrate why relief is unavailable through less restrictive means, such as through requests for extensions of time to meet those deadlines.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for a temporary restraining order is DENIED.

IT IS SO ORDERED.

**Dated:   February 2, 2011**              /s/ Sheila K. Oberto
                                           UNITED STATES MAGISTRATE JUDGE