**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD PAUL BRYANT, | CASE NO. 1:10-cv-00888-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AN AMENDED COMPLAINT |
| v. | |
| MATTHEW CATE, et al., | |
| Defendants. | |

Plaintiff Stanford Paul Bryant ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at the California State Prison in Represa, California. However, the events described in Plaintiff's complaint took place while Plaintiff was incarcerated at the California Correctional Institution in Tehachapi, California ("CCI-Tehachapi"). Plaintiff is suing under Section 1983 for the violation of his constitutional right of access to the courts. Plaintiff names Matthew Cate (secretary of CDCR), S. Gonzalez (warden of CCI-Tehachapi), H. Stanford (senior librarian), N. Karlow (librarian), C. Baird (supervisor of academic instruction), and W. Tilley (supervisor of correctional education programs) as defendants. For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims for relief. The Court will provide Plaintiff with leave to file an amended complaint which cures the deficiencies identified in this order.

///

///

**I.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.    Background**

Plaintiff alleges that his constitutional right of access to the courts was denied while he was incarcerated at CCI-Tehachapi. Plaintiff claims that his right of access to the courts was denied because he was not given sufficient access to the prison's law library.

///

1    Plaintiff alleges that prisoners must submit an "Inmate Request for Interview" form in order
2 to request access to the law library. However, inmates do not know precisely when they will be
3 given access to the library. Plaintiff alleges that he filed "Inmate Request for Interview" forms
4 directed at Defendant Stanford because he was involved in several lawsuits. Plaintiff was given law
5 library access for two hours on June 16, 2009, and received another two hours on June 24, 2009.
6 However, Plaintiff did not receive any further access between June 24, 2009 and July 15, 2009. On
7 July 5, 2009, Plaintiff filed a grievance to the warden because he was not given access to the law
8 library. Plaintiff received one hour of library access on July 15, 2009. However, Plaintiff was
9 handcuffed during the hour, restricting his hand movements.

10   On August 6, 2009, Plaintiff was interviewed by Defendants Baird and Karlow and was told
11 that he would only receive two hours of library access a week, regardless of any court deadlines.
12 Plaintiff was also informed that he would only receive access to the law library during his afternoon
13 yard time. Plaintiff alleges that his yard time was unpredictable, which meant that his access to the
14 library was sporadic and unpredictable. Plaintiff claims that he did not receive any access to the
15 prison's law library between November 2009 and January 2010.

16   Plaintiff filed a grievance on December 30, 2009; however, the grievance was denied
17 because prison officials treated the issues raised as duplicative of the issues raised in Plaintiff's July
18 5, 2009, grievance. Plaintiff attempted to resubmit the grievance, but received no response.

19   Plaintiff claims that Defendants Cate, Gonzales, Karlow, Stanford, Baird, and Tilley failed
20 to implement adequate policies or regulations governing inmate access to the law library. Plaintiff
21 claims that he suffered actual injury from the limited law library access when his state court civil law
22 suit for medical malpractice was dismissed on January 15, 2010.

23 **III.   Discussion**

24   Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S.
25 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279
26 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures); Vandelft v.
27 Moses, 31 F.3d 794, 796 (9th Cir. 1994); Ching v. Lewis, 895 F.2d 608, 609 (9th Cir. 1989) (per
28 curiam). To establish a violation of the right of access to the courts, a prisoner must establish that

he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. See Lewis, 518 U.S. at 349. An "actual injury" is "'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" Id. at 348. Prisoners do not have a right to a law library. Lewis, 518 U.S. at 350. Prisoners have a right of access to the courts and a law library is "merely 'one constitutionally acceptable method to assure meaningful access to the courts.'" Lewis, 518 U.S. at 351 (quoting Bounds, 430 U.S. at 830)). "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. Thus, allegations that a prisoner was denied access to the law library is not sufficient to state a claim for interference with access to the courts. An access-to-courts claim centers around the actual injury a prisoner suffered with respect to contemplated or existing litigation, and not on the fact that the prisoner was denied time in the law library, or was removed from the law library prematurely.

The right of access to the courts does not require the State to enable prisoners to discover grievances and litigate effectively once in court. Id. at 354. Further, the right of access to the courts only pertains to attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated, habeas petitions, and civil rights actions. Id. When raising an access to courts claim seeking relief for a lost opportunity to present a legal claim or relief from an unfavorable outcome in a prior legal claim, a plaintiff must show 1) the loss of a non-frivolous or arguable claim; 2) the defendant's acts frustrating the litigation; and 3) that the relief sought is unobtainable in any presently existing suit. Christopher v. Harbury, 536 U.S. 403, 413-416 (2002).

Finally, "the constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a habeas or civil rights action." Cornett v. Donovan, 51 F.3d 894, 888 (9th Cir. 1995). In other words, the constitutional right of access to the courts does not require the state to provide access to the law library or other legal assistance after Plaintiff's lawsuit has moved beyond the pleading stage.

Plaintiff fails to state a cognizable claim for interference with his constitutional right of access to the courts. First, Plaintiff's constitutional right does not encompass the right to pursue state

tort claims for medical negligence or malpractice. The constitutional right of access to the courts only pertains to the pursuit of direct appeals from convictions, habeas petitions, and civil rights actions. Plaintiff cannot state a cognizable access claim based on the loss of his state tort claim.

Second, Plaintiff's complaint fails to establish how the prison's inadequate law library policies caused the dismissal of his state tort claim. Plaintiff does not identify how or why his state court tort claim was dismissed. Plaintiff fails to explain how additional time in the law library would have prevented the dismissal of his claim. If Plaintiff's claim was dismissed after the pleading stage, Plaintiff would have no cognizable claim because the constitutional right of access only requires a state to provide law library access or legal assistance during the pleading stage of a habeas or civil rights action.

Finally, Plaintiff's complaint fails to set forth the details of the underlying dismissed claim with sufficient detail to state a cognizable claim in this lawsuit. To state a backward-looking access to courts claim based on a previously dismissed claim, the complaint "should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued." In other words, Plaintiff must allege the same facts alleged in the complaint for the previously dismissed lawsuit in order for the Court to determine whether that claim had merit. Based on these deficiencies, the Court finds that Plaintiff's complaint fails to state a cognizable claim for relief.

## IV.    Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under Section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

///

Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff elects to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

However, although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

///

///

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   March 16, 2011**                    /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE