# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD PAUL BRYANT, | CASE NO. 1:10-cv–00888-AWI-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| CATE, et al., | (ECF No. 23) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.    Procedural History**

Plaintiff Stanford Paul Bryant is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on May 12, 2010.  On November 2, 2011, pursuant to 28 U.S.C. § 1915A, the Magistrate Judge issued an order finding service of the complaint appropriate, and this action is proceeding against Defendant Karlow for retaliation in violation of the First Amendment.[1]  Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  On January 30, 2012, Defendant filed a motion to dismiss for failure to exhaust administrative remedies.  Plaintiff has not filed an opposition.  The motion has been deemed submitted.  Local Rule 230(l).

**II.    Failure to Exhaust**

    **A.    Legal Standard**

Defendant argues that Plaintiff failed to exhaust his retaliation claim in compliance with 42

---

[1] On the same date, an order issued dismissing Defendants Matthew Cate, S. Gonzalez, H. Stanford, C. Baird, W. Tilley, and Does 1-10, and Plaintiff's access to the court claim for failure to state a cognizable claim.

U.S.C. § 1997e(a), subjecting the claim to dismissal.  Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison conditions.  Woodford v. Ngo, 548 U.S. 81, 85 (2006).  All available remedies must be exhausted, not just those remedies that meet federal standards, Woodford, 548 U.S. at 84, nor must they be "plain, speedy, and effective," Booth v. Churner, 532 U.S. 731, 739 (2001).  Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated.  Id at 741; see Woodford, 548 U.S. at 93.

The California Department of Corrections has an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084, et seq.  "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  At the time the claims at issue in this action occurred, four levels of appeal were involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  Cal. Code Regs. tit 15, § 3084.5.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense which defendants have the burden of raising and proving the absence of exhaustion.  Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005).  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). "In deciding a motion to dismiss for failure to exhaust, a court may look beyond the pleadings and decide disputed issues of fact."  Sapp v. Kimbrell, 623 F.3d. 813, 821 (9th Cir. 2010) (quoting Wyatt, 315 F.3d at 1119-20).  If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even where there has

1   been exhaustion while the suit is pending.  Lira, 427 F.3d at 1171.

2   **B.   Discussion**

3   **1.   Plaintiff's Claims**

4   Plaintiff states that, while housed at the California Correctional Institution ("CCI"), he filed

5   an inmate appeal no. CCI 09-01149, regarding his limited access to the law library.  Defendant

6   Karlow interviewed Plaintiff on August 6, 2009, regarding the appeal and informed Plaintiff that he

7   was only entitled to two hours per week in the law library. (First Am. Compl. 15,[2] ECF No. 15.)

8   Plaintiff alleges that, in retaliation for Plaintiff filing the inmate appeal, Defendant Karlow denied

9   him access to legal materials and the law library. (Id. at 16.)

10   **2.   Exhaustion of First Amendment Claim**

11   Defendant contends that Plaintiff did not file an inmate appeal regarding his claim that

12   Defendant Karlow retaliated against him.  During the time Plaintiff was housed at CCI, Plaintiff filed

13   two inmate appeals.  The first appeal, which is the only appeal that was submitted to the director's

14   level prior to Plaintiff filing this action, is the appeal which Plaintiff claims caused Defendant

15   Karlow to begin retaliating against him.  The second appeal, which involves Plaintiff's access to the

16   law library, does not mention any misconduct on the part of Defendant Karlow.  Defendant argues

17   that since Plaintiff did not file an inmate appeal placing the prison on notice that Defendant Karlow

18   retaliated against him, Plaintiff's claims should be dismissed for failure to exhaust administrative

19   remedies.

20   Plaintiff filed inmate appeal no. CCI 09-01149 on July 5, 2009, grieving that he was denied

21   meaningful access to the law library and photocopying.  In the appeal, Plaintiff states that he has

22   provided librarian Stanford with legal documents that have not been copied. (Dec. D. Foston 4, ECF

23   No. 23-2.)  Plaintiff claims that it was because of this appeal that Defendant Karlow began to

24   retaliate against him.  Since this appeal was filed prior to the alleged retaliation by Defendant

25   Karlow, it cannot serve to exhaust Plaintiff's administrative remedies for the claims proceeding in

26

27   _____

28       [2]All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1    this action.

2         On January 27, 2010, Plaintiff filed inmate appeal no. CCI 10-231, in which he "move[d] to

3    redress this grievance pursuant to the First Amendment of the United States Constitution for the

4    deprivations and/or violations of Appellant's rights to meaning access to Petition the Government

5    for redress of grievances without retaliatory actions as well as the right to meaningful access to the

6    courts by CCI prison employees." (Dec. Of K. Sampson 4, ECF No. 23-3.) Plaintiff then grieves

7    that his civil litigation has been dismissed. Plaintiff states that he has repeatedly made it known to

8    prison employees that he needed to access the law library to no avail. Due to lack of access to the

9    law library from November 2009 through January 2010, Plaintiff claims he was unable to

10   meaningfully or adequately respond to the courts. Plaintiff complains that his previous grievances

11   have been screened out as duplicative of appeal no. CCI 09-01149, and his inmate appeals seeking

12   access to the law library are being screened out by the appeals coordinator as being incomplete.

13   Plaintiff requests that this grievance not be disregarded or disposed of, but be logged so that he can

14   exhaust his administrative remedies. (Id.)

15        In order to find that Plaintiff's appeals exhausted his administrative remedies the appeals

16   must " provide enough information . . . to allow prison officials to take appropriate responsive

17   measures." Griffin v. Arpaio, 557 F.3d 1117, 1121 (9th Cir. 2009) (quoting Johnson v. Testman,

18   380 F.3d 691, 697 (2nd Cir. 2004)). The primary purpose of the grievance is to alert the prison to

19   the problem and facilitate resolution. Griffin, 557 F.3d at 1120. "A grievance suffices to exhaust

20   a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress.

21   Sapp, 623 F.3d at 823.

22        Although inmate appeal no. CCI 10-231 states that Plaintiff seeks to be able to redress his

23   grievances without retaliation, it is devoid of any indication that Plaintiff is being denied access to

24   the law library or legal materials in retaliation for filing grievances. While the appeal need not

25   contain every fact to prove the elements of the claim, Griffin, 557 F.3d at 1120, or name the

26   individual to be sued, Sapp, 623 F.3d at 824, it must contain sufficient information to alert prison

27   officials to the problem so they are able to attempt to resolve it, Griffin, 557 F.3d at 1120. In the

28   appeal, Plaintiff claims that he has informed prison staff that he needed to access the law library to

4

1   no avail.  This is not sufficient to provide notice that Plaintiff is being denied access to the law

2   library or legal materials by Defendant Karlow in retaliation for Plaintiff filing an inmate grievance.

3   Since Plaintiff's appeal fails to provide sufficient notice to the prison that Defendant Karlow was

4   retaliating against Plaintiff by denying his access to the law library or legal materials, appeal no. CCI

5   10-231 does not exhaust Plaintiff's claims proceeding in this action.

6          Pursuant to the PLRA, the exhaustion requirement is mandatory.  McKinney v. Carey, 311

7   F.3d 1198, 1199 (9th Cir. 2002).  The requirement that an inmate exhaust administrative remedies

8   prior to bringing suit serves two purposes.  "Exhaustion gives an agency an opportunity to correct

9   its own mistakes with respect to the programs it administers before being haled into federal

10  court[,]"and "promotes efficiency by allowing claims to be resolved much more quickly and

11  economically . . . than in litigation in federal court."  Sapp, 623 F.3d at 823 (internal punctuation and

12  citations omitted).  The inmate "must complete the administrative review process in accordance with

13  the applicable procedural rules, including deadlines," Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir.

14  2010) (citations omitted), as a precondition to bringing suit, McKinney, 311 F.3d at 1200; Harvey,

15  605 F.3d at 683.  The PLRA requires that the administrative grievance process be completed prior

16  to initiating the action in federal court.  Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006).

17         In this instance, the appeals that Plaintiff submitted are insufficient to provide notice to

18  prison officials of any retaliatory action by Defendant Karlow, so that officials could take appropriate

19  responsive measures.  Therefore, the Court finds that Plaintiff has failed to exhaust his administrative

20  remedies for his claim that Defendant Karlow retaliated against him by denying access to the law

21  library and legal materials.  Since Plaintiff did not exhaust his administrative remedies prior to filing

22  suit, this action must be dismissed, without prejudice.  Lira, 427 F.3d at 1171.

23  **III.    Conclusion and Recommendation**

24         The Court finds that Plaintiff failed to exhaust his administrative remedies for his claim that

25  Defendant Karlow retaliated against him in violation of the First Amendment.  Accordingly, the

26  Court HEREBY RECOMMENDS that Defendant's motion to dismiss be granted, and this action

27  be dismissed, without prejudice, for failure to exhaust administrative remedies.

28         These findings and recommendations will be submitted to the United States District Judge

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**   **April 16, 2012**                    **/s/ Barbara A. McAuliffe**
                                              UNITED STATES MAGISTRATE JUDGE