# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD PAUL BRYANT,<br><br>                Plaintiff,<br><br>    v.<br><br>CATE, et al.,<br><br>                Defendants.<br>_____/ | CASE NO. 1:10-cv–00888-AWI-BAM PC<br><br>ORDER PERMITTING PLAINTIFF OPPORTUNITY TO FILE SUPPLEMENTAL OPPOSITION IN LIGHT OF SEPARATELY-ISSUED MOTION TO DISMISS NOTICE<br><br>(ECF No. 23)<br><br>THIRTY-DAY DEADLINE |

      Plaintiff Stanford Paul Bryant is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant Karlow for retaliation in violation of the First Amendment. On January 30, 2012, Defendant filed a motion to dismiss for failure to exhaust administrative remedies. (ECF No. 23.) Findings and recommendations issued recommending granting Defendant's motion to dismiss on April 17, 2012. (ECF NO. 29.) Plaintiff filed a motion for an extension of time to file an opposition stating that he did not receive notice of the motion and an opposition was filed on May 10, 2012. (ECF No. 32.) Defendant filed a reply on May 16, 2012. (ECF No. 33.) No objections to the findings and recommendation were filed.

      In light of the recent decision in Woods v. Carey, Nos. 09-15548, 09-16113, 2012 WL 2626912, at *5 (9th Cir. Jul. 6, 2012), Plaintiff must be provided with "fair notice" of the requirements for opposing a motion to dismiss for failure to exhaust at the time the motion is brought and the notice given in this case some two months prior does not suffice. Id.

      By separate order issued concurrently with this order, the Court provided the requisite notice.

Plaintiff shall be granted an opportunity to file a supplemental opposition.[1]

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff may, within **thirty (30) days** from the date of service of this order, file a supplemental opposition;

2. If Plaintiff does not file a supplemental opposition in response to this order, his existing opposition will be considered in resolving Defendants' motion to dismiss; and

3. If Plaintiff elects to file a supplemental opposition, Defendant may file a supplemental reply pursuant to Local Rule 230(l).

IT IS SO ORDERED.

Dated:   July 12, 2012          /s/ **Barbara A. McAuliffe**
                                UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes the comprehensive nature of Plaintiff's existing opposition, but its adequacy is apparently irrelevant. Plaintiff is entitled to an opportunity to file an amended opposition following "fair notice" to him of the requirements for opposing a summary judgment motion. Woods, 2012 WL 2626912, at *5.