# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD PAUL BRYANT,<br><br>          Plaintiff,<br><br>     v.<br><br>CATE, et al.,<br><br>          Defendants. | CASE NO. 1:10-cv–00888-AWI-BAM PC<br><br>ORDER DENYING PLAINTIFF'S OBJECTIONS CONSTRUED AS A MOTION FOR RECONSIDERATION<br><br>(ECF No. 38) |

Plaintiff Stanford Paul Bryant is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was dismissed on August 31, 2012, for failure to exhaust administrative remedies and judgment was entered. (ECF Nos. 36, 37.) On September 14, 2012, Plaintiff filed objections to the order dismissing this action and a notice of appeal. (ECF Nos. 38, 29.)

The Court construes Plaintiff's objections to the order dismissing this action as a motion for reconsideration. Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party . . .from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; . . . or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b). Where none of these factors is present the motion is properly denied. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff does not argue that newly discovered evidence or an intervening change of the law requires reinstatement of this action. All papers and files in this action were considered in deciding the motion to dismiss for failure to exhaust administrative remedies. Plaintiff's objection is devoid of any ground entitling him to reconsideration. Plaintiff has not shown that he has exhausted the issue of Defendant Karlow's alleged retaliation.

Accordingly, it is HEREBY ORDERED that Plaintiff's objection, filed September 14, 2012, which is construed as a motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:    December 5, 2012

UNITED STATES DISTRICT JUDGE